UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

DARIEN CANTRELL HARRIS,    )
                                    )
      Petitioner,            )     Civil Action No. 12-CV-01-HRW
                                      )
v.                               )
                                    )
MICHAEL SEPANEK, Warden,    )    **MEMORANDUM OPINION**
                                    )         **AND ORDER**
      Respondent.         )

**** **** **** ****

Darien Cantrell Harris is an inmate currently confined in the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Harris has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] Harris contends that the Bureau of Prisons ("BOP") has failed to commence his federal sentence on the date it was imposed, and seeks additional credit against his federal sentence for time he spent in state custody before his transfer to a federal penitentiary.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Harris is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton*

*v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On September 4, 2001, in the Superior Court of Upson County, Georgia, in Case No. 01-R-326, Harris pled guilty to two counts of Possession of Cocaine with Intent to Distribute, and he received a 10-year sentence of probation. Thereafter, on May 28, 2003, he was arrested by the State of Georgia on another, unrelated charge of Possession of Cocaine with Intent to Distribute, and was detained in state custody.

While in state custody, on September 24, 2003, Harris was indicted in federal court for the same drug trafficking activity in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and 18 U.S.C. § 2. Pursuant to a writ of habeas corpus *ad prosequendum*, Harris was removed from state custody for court appearances on the federal charges. Ultimately, Harris pled guilty to the federal charges and on March

2

24, 2004, he was released on bond pending sentencing. *United States v. Harris*, No.

5:03-CR-84 (M.D. Ga. 2003).

    While on bond, on April 3, 2004, Harris was arrested by Georgia state police

and charged with additional drug trafficking offenses in the Superior Court of Upton

County, Georgia, in Case Nos. 2004-363-FW and 2004-364-FW, and he was detained

in state custody. Pursuant to a writ of habeas corpus *ad prosequendum*, Harris was

removed from state custody for his sentencing hearing on the federal charges. On

May 6, 2004, Harris was sentenced to a 97-month prison term for his federal offenses.

    Harris's drug trafficking activities, which resulted in his April 3, 2004, arrest

by state authorities, also resulted in a second set of federal charges being filed in a

separate proceeding. Harris again appeared in federal court pursuant to a writ of

habeas corpus *ad prosequendum*, and pled not guilty to the charges. Harris later

agreed to plead guilty to the charges pursuant to a written plea agreement with the

United States. On October 27, 2004, the court sentenced Harris to a 160-month

prison term to be served concurrently with the 97-month term imposed in Harris's

earlier federal case. On November 29, 2004, federal marshals lodged a detainer with

the Upson County Jail in Thomason, Georgia, where Harris was incarcerated, to alert

jail officials that federal authorities would be assuming custody of Harris for service

of his federal sentence once he was released from state custody. *United States v. Harris*, No. 5:04-CR-46 (M.D. Ga. 2004).

On December 7, 2004, the Georgia state court revoked Harris's 10-year probation term imposed in 2001 and sentenced him to serve the undischarged portion of that term in prison. On June 20, 2005, the Georgia state prosecutor dismissed the state charges arising out of Harris's 2004 drug trafficking activity in light of the federal prosecution. The Georgia Department of Corrections' website[1] indicates that Harris was paroled on June 12, 2007, at which time he was transferred into federal custody to begin service of his federal sentence.

The BOP initially credited Harris's federal sentence with the 537 days of additional credit to his sentence that is the subject of this habeas petition. However, when the Georgia Department of Corrections' sentence computation indicated that Georgia had applied this same credit to Harris's state sentence, the BOP removed that credit from his federal sentence.

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is governed by federal statute:

---

[1] http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp. (last visited on October 22, 2012).

(a)  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.  The BOP implements Section 3585 through Program Statement 5880.28.

When an individual violates the criminal laws of two or more sovereigns, the first sovereign to arrest the defendant obtains "primary custody" over him, which entitles that sovereign to require the defendant to serve his criminal sentence imposed by it first.  *Ponzi v. Fessenden*, 258 U.S. 254 (1922).  This primary custody remains until the sovereign expressly relinquishes its control over the person, *Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982), which may be shown where it dismisses all the charges against him or releases the defendant upon service of the sentence imposed or to parole.  *Berry v. Sullivan*, 2007 WL 4570315, at *2 (D.N.J.

5

2007).  Harris's arrest on Georgia state charges on May 28, 2003, placed him in the

primary custody of the State of Georgia.  The fact that he was temporarily transferred

into federal custody pursuant to a writ of habeas corpus *ad prosequendum* did not

cause Georgia to relinquish primary custody.  *Easley v. Steep*, 5 F. App'x 541, 543

(7th Cir. 2001).

In summary, Harris was in state custody in Upson County, Georgia, on May 4,

2004, when he was removed on a federal writ of habeas corpus *ad prosequendum* for

his sentencing hearing in federal court in Case No. 5:03-CR-084.  He was sentenced

on May 6, 2004, and received a 97-month sentence of imprisonment.  Thereafter, on

October 7, 2004, he was sentenced in federal Case No. 5:04-CR-046 and received a

160-month sentence of imprisonment to run concurrently with the 97-month sentence.

Neither of his federal sentences was ordered to run concurrently with his state

sentence.  On November 19, 2004, Harris was returned to state custody, and a federal

detainer was filed with the Upson County Jail.  Harris was released from his

probation violation sentence on June 12, 2007, and his federal sentence commenced

on that date.

Harris's habeas claim is precluded by 18 U.S.C. § 3585(b) because he received

credit on his Georgia state sentence for the 537 days of additional credit he seeks to

be applied to his federal sentence.  Since the record fails to indicate that Harris is entitled to additional credit, his petition does not provide a basis for relief.

Accordingly, **IT IS ORDERED** that:

1.      Harris's petition for writ of habeas corpus [R. 1] is **DENIED**.

2.      The Court will enter an appropriate judgment.

3.      This matter is **STRICKEN** from the active docket.

This the 14th day of November, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge